```
            IN THE UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF ARKANSAS
                     FORT SMITH DIVISION
```

UNITED STATES OF AMERICA                                PLAINTIFF

    v.                       Case No. 2:09CR20068-001

DENNY EUGENE GOINES, JR.                                DEFENDANT

## SENTENCING MEMORANDUM

After balancing the § 3553(a) factors, the Court finds that an advisory guidelines sentence of 120 to 125 months imprisonment for this defendant is inadequate to accomplish the goals of sentencing, and that imposing an upward variance will provide for a sentence that is sufficient, but not greater than necessary to accomplish the goals of sentencing.

Although not required, the Court provided notice[1] to the parties of its intentions to impose an upward variance. The Court is also not required to recite its considerations of each the § 3553(a) factors[2], however, the Court reiterates that it has considered all the 3553(a) factors, and in light of the circumstances in this case, the Court finds that upward variance is more than adequately justified by recitation of its considerations of the 3553(a)(1) and (a)(2) factors.

Section 3553(a)(1) requires the Court to consider, in imposing

---

[1] *United States v. Foy*, 2010 WL 3271234 (8th Cir. 2010)

[2] *United States v. Powills*, 537 F.3d 947, 950 (8th Cir. 2008)(*citing United States v. Hernandez*, 518 F.3d 613, 616 (8th Cir. 2008), and *Rita v. United States*, 551 U.S. 338 (2007)).

a sentence, the "nature and circumstances of the offense and the history and characteristic of the defendant."

The Court finds the following significant to its consideration of the nature and circumstance of the offense in imposing an upward variance.  First, the instant offense was committed while the Defendant was on supervised release; having previously had his supervised release revoked.  Second, the instant offense involved use of the internet, a violation of the same special condition of supervised release that Defendant was previously convicted for violating.  Third, Defendant's attempt to have unsupervised contact with a minor was in violation of a special condition of supervised release, one specifically requested for by the Probation Office in 2006, in light of Defendant's circumstances.

The nature and circumstance of the offense demonstrate Defendant's disrespect for the law, the ineffectiveness of prohibitive and deterrence mechanisms, and the increasing seriousness of the offenses and harm to the victims.  The Court, in considering the nature and circumstances finds support for a substantial sentence of imprisonment, and strong support for upward variance.

Further support for upward variance is found when considering Defendant's history and characteristics.  Defendant's adult criminal history includes convictions for one count of Contributing to the Delinquency of a Minor in 1999; one count of Harassment in

2

1999; one count of Possession of Child Pornography in 2003; violation of Supervised Release in 2007; violation of Supervised Release in 2010; and the instant offense, Use of the Internet to Entice a Minor to Engage in Sexual Contact.

Defendant's PSR indicates his 1999 conviction for harassment and contributing to the delinquency of a minor involved intentions of sexual relations with a 17 year old; his 2003 conviction for possession of child pornography stemmed from evidence Defendant attempted to have sexual contact with a 15 year old; his 2007 conviction for violation of his supervise release stemmed from reports that Defendant used his cellular phone to contact his 13 year old "girlfriend"; and the instant offense involved use of the internet in an attempt to engage in sexual contact with a 15 year old.

Defendant's history and characteristic demonstrate he is unable to refrain from engaging in conduct involving minor children. In addition, Defendant's conduct has grown in seriousness in both the offense and harm to victims; the Defendant's history shows a transition from harassment, to possession of child pornography, then to attempts at sexual contact with a minor.

Considering the nature and circumstances of the offense and the history and characteristics of the Defendant, the Court finds there exists aggravating circumstances of a kind and degree that

are not adequately taken into consideration by the guidelines range, including Defendant's undeterred recidivism, the serious nature and depravity of his actions, and Defendant's apparent addiction to conduct harmful to children, all of which support upward variance.

Section 3553(a)(2) requires the Court to consider the need for the sentence imposed, including the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with educational or vocational training, medical care or other care or treatment.

The Court finds the "need for the sentence imposed" factor warrants imposing an upward variance. The Court has already noted the offense of conviction is very serious, more serious than the applicable advisory guidelines reflect. Similarly, the Defendant's criminal history demonstrates a serious disrespect for the law. Just punishment in this case would be a very substantial period of imprisonment.

The guidelines range provides for a period of imprisonment of 120 to 125 months, however, the Court finds that it is unlikely that this specific Defendant can be deterred from repeating his unlawful conduct, for the reasons previously stated relating to

Defendant's history and characteristics. A substantial sentence of imprisonment is appropriate to provide general deterrence to similarly situated persons, that is, those who might otherwise be inclined to engage in the sexual assault of minors.

The Court also finds upward variance is necessary in this case to protect the public from further crimes by this defendant. The Defendant has not been able to conform his behavior to the requirements of the law and society, and has demonstrated a continued desire to seek out and engage in sexual encounters with minors, all leading to the conclusion that he poses a great danger to society. The Court finds that the only way to afford adequate protection to the public from this defendant is to imprison him for a substantial part of his life.

Defendant is sentenced to a term of imprisonment for 180 months, a term of supervised release for LIFE, and a fine in the amount of $2,500, plus the $100 special assessment. Defendant's sentence of a term of imprisonment for 18 months in connection with his revocation, 2:03-cr-20032-001, is to run concurrent.

This Sentencing Memorandum shall be attached to and incorporated by reference, in its entirety, into the Statement of Reasons and Judgement in this case.

**IT IS SO ORDERED** this 5th day of October, 2010.

*/s/ Robert T. Dawson*
Honorable Robert T. Dawson
United States District Judge